■ In the Matter of Gustave Trent et al., Doing Business as Bert Manufacturing Company, Respondents, against Mayor of Village of Irvington et al., Appellants.— In a proceeding pursuant to article 78 of the Civil Practice Act, the Mayor and the Board of Trustees of the Village of Irvington appeal from an order directing them to execute and deliver a deed to a portion of certain garage property. Order modified by directing that the deed to be executed and delivered be only with respect to the portion of the garage property, and not the gore of vacant land, now included in the description. As so modified, order unanimously affirmed, with $10 costs and disbursements to respondents. In this proceeding the only property to which respondents are entitled is that described in the resolution of January 10, 1941. Whether respondents may establish their right to the gore of vacant land in another action is not presently before us. In all other respects, we agree with the opinion of the Special Term. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ. [7 Misc 2d 946.]

■ William Lintz, Respondent, v. Arthur Grenard, Appellant.— In a consolidated action to recover 35 monthly installments of $500 each, alleged to be due on a written agreement, the appeal is from a judgment, entered on a jury verdict for $17,500 in favor of respondent. By the writing, which is dated January 9, 1953, appellant, a physician, agreed to pay respondent, also a physician, $500 a month for 50 months, beginning February 10, 1953, in consideration, *inter alia*, that respondent transfer to appellant all respondent's right, title and interest in and to the possession of his office, together with the equipment, files and records therein contained relating to the practice of medicine theretofore maintained by respondent thereat. Judgment unanimously affirmed, with costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Hallinan, JJ.

■ Frank J. Polito, Respondent, v. Town of Babylon, Appellant, et al., Defendant.— In an action to recover damages for injuries to person and property, the appeal is from an order denying leave to reargue appellant's motion for change of venue. Appeal dismissed, with $10 costs and disbursements. An order denying leave to reargue is not appealable, and no new or additional facts were presented in the affidavits submitted in support of the motion for leave to reargue; accordingly, there is no basis for treating the motion as a motion for leave to renew on additional papers (*McNees* v. *Scholoff*, 2 A D 2d 820). Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ., concur.

■ The People of the State of New York, Respondent, v. Richmond Poster Advertising Co., Inc., Appellant.— Appeal (1) from a judgment of the Court of Special Sessions of the City of New York, Borough of Richmond, convicting appellant of violating sections.21-B and 3 of the Zoning Resolution of the City of New York, and (2) from each and every intermediate order therein made. Judgment unanimously affirmed. No opinion. No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Present — Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ.